**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**JOHN ANTHONY GARCIA,**

       **Plaintiff,**

   **vs.**                             **Civ. No. 18-650  JAP/JFR**

**ANDREW SAUL, Commissioner**
**of SOCIAL SECURITY,[1]**

       **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[2]

**THIS MATTER** is before the Court *sua sponte*.  For the reasons set forth below, the Court recommends that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

### I. Background

On July 9, 2018, Plaintiff filed a Complaint against the Social Security Commissioner related to the Commissioner's decision denying Plaintiff's claim for Title II disability insurance benefits and Title XVI supplemental security income benefits.  Doc. 1.  The case was assigned to Magistrate Judge Kevin R. Sweazea.  On November 14, 2018, Defendant filed an Answer. Doc. 13.  On November 15, 2018, Judge Sweazea entered an Order Setting Briefing Schedule and Plaintiff's Motion to Remand was due on January 11, 2019.  Doc. 17.

On January 11, 2019, the case was reassigned to United States District Judge James A. Parker and United States Magistrate Judge Laura Fashing as the trial and pretrial judges. Doc. 19.  On January 16, 2019, Judge Parker entered an Order of Reference referring the case to

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Andrew Saul is substituted for Nancy Berryhill as the Commissioner of the Social Security Administration.

[2] United States District Judge James A. Parker entered an Order of Reference referring this case to the undersigned to conduct hearings, if warranted, including evidentiary hearings and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.  Doc. 31.

Judge Fashing.  Doc. 21.  On January 17, 2019, Judge Fashing entered an Order Extending

Briefing Schedule, and Plaintiff's Motion to Remand was due on February 5, 2019.  Doc. 22.

On March 12, 2019, Judge Fashing entered an Order to Show Cause because Plaintiff failed

to file his Motion to Remand by the deadline set forth in her Order Extending Briefing Schedule.

Doc. 23.  Judge Fashing ordered Plaintiff to show cause by March 26, 2019, why his case should

not be dismissed for failure to comply with the Court's Order Extending Briefing Schedule.  *Id*.

On March 22, 2019, Plaintiff filed a response to the Order to Show Cause.  Doc. 24.

On April 29, 2019, Judge Fashing held a hearing on the Order to Show Cause.  Doc. 27.

Plaintiff appeared *pro se*.  *Id*.  Kathryn Bostwick appeared on behalf of Defendant.  *Id*.  Plaintiff

explained he was unable to secure legal counsel.  *Id*.  The Court provided Plaintiff with telephone

numbers for two organizations that could help Plaintiff find an attorney.[3]  *Id*.  Plaintiff agreed to

contact them.  *Id*.  The Court agreed to quash the Order to Show Cause and gave Plaintiff an

additional thirty days, through May 29, 2019, to find an attorney.  *Id*.  The Court stated that

> [i]f an attorney enters an appearance, the Court will set a scheduling order for the
> briefing on this case.  If an attorney does **not** enter on appearance by May 29, 2019,
> the Court will still set a scheduling order, and [Plaintiff] will have to proceed pro
> se and file his ow motion to reverse/remand.

*Id.* (emphasis in original).  Judge Fashing advised Plaintiff that if he did not file a motion to

remand on time, she would recommend that his case be dismissed.  *Id*.  The Court noted that

Plaintiff stated he understood the Court's instructions and had no questions.  *Id*.

On May 1, 2019, the case was reassigned to Magistrate Judge John F. Robbenhaar as the

pretrial judge.  Doc. 29.  On June 3, 2019, Judge Robbenhaar entered an Order Setting Briefing

---

[3] The Court provided telephone numbers for the National Organization of Social Security Claimants'
Representatives and the New Mexico State Bar Referral Service.  Doc. 27.

Schedule pursuant to Judge Fashing's instructions, and Plaintiff's Motion to Remand was due July 3, 2019.  Doc. 30.  Plaintiff has failed to file his motion.

## II.  Analysis

Because Plaintiff has failed to comply with the Court's Briefing Schedule (Doc. 30), and because Judge Fashing advised Plaintiff that his failure to file a motion to remand on time would result in recommending that his case be dismissed (Doc. 27), the Court recommends that Plaintiff's Complaint be dismissed without prejudice for failure to prosecute.  *AdvantEdge Business Group v. Thomas E. Mestmaker & Assoc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules") (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) (when dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures").

## III.  Recommendation

For the foregoing reasons, the Court finds that Plaintiff has failed to comply with the Court's Briefing Schedule and to prosecute his case.  The Court, therefore, recommends that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE.**

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**